UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-24560-CIV-ALTONAGA/O'Sullivan

IN RE APPLICATION OF
DEPARTMENT OF HOMELAND
SECURITY, IMMIGRATION AND
CUSTOMS ENFORCEMENT,

Petitioner,

vs.

ANWAR HOSSAIN; MOHAMMED ISLAM;
ABDUL WADUD-KHAN; MD OSMAN SHOHAG;
MONIR HOSSAIN; MD ABDUL OWAYID;
MOHAMMED ANAM; ABDUL AWAL;
ABDUL KADER HELAL; and
MAHMUDAL HASSAN,

Respondents.
_______________________________________/

PETITIONER'S NOTICE TO COURT REGARDING LEGAL REPRESENTATION OF RESPONDENTS AND MEMORANDUM OF LAW REGARDING ENTITLEMENT TO COURT-APPOINTED ATTORNEYS

Petitioner, Department of Homeland Security, Immigration and Customs Enforcement, file its Notice to Court Regarding Legal Representation of Respondents and Memorandum of Law Regarding Entitlement to Court-Appointed Attorneys, and state:

I. FACTS

The ten (10) respondents, Anwar Hossain; Mohammed Islam; Abdul Wadud-Khan; MD Osman Shohag; Monir Hossain; MD Abdul Owayid; Mohammed Anam; Abdul Awal; Abdul Kader Helal; and Mahmudal Hassan, are not represented by legal counsel in this case, involving compelled medical observation and testing.

All ten respondents are represented by counsel in their civil immigration removal

proceedings. The attorneys who have represented respondents in their removal proceedings are:

1. Arnold Hinojosa, Esq.
Law Office of Arnoldo Hinojosa
2604 International Blvd, Suite B
Brownsville, Texas 78521
(956) 574-3383

Arnoldo Hinojosa represents Anwar Hossain; Abdul Wadud-Khan; and Mahmudul Hasan.

2. Zubaida Iqbal, Esq.
Law Offices of Clint Curtis & Ingrid Morfa
7217 E. Colonial Drive, #113
Orlando, Florida 32807
(407) 384-3120

Zubaida Iqbal represents Mohammed Islam; Mohammed Anam; and Abdul Kader Helal.

3. Khagendra Gharti Chhetry, Esq.
Chhetry & Associates, P.C.
363 7th Avenue
New York, New York 10001
(212) 947-1079

Khagendra Chhetry represents MD Osman Shohag and Abdul Awal.

4. Julie Marie Pasch, Esq.
South Texas Pro Bono Asylum Representation Project
222 E. Van Buren Avenue, Suite 300
Harlingen, Texas 78550
(956) 425-9231

Julie Marie Pasch represents Monir Hossain.

5. Margie Villalobos, Esq.
Law Office of Manuel Solis
320 E. Jackson
Harlingen, Texas 78550
(956) 686-1044

Margie Villalobos represents MD Abdul Owayid.

The ICE notified each of these immigration attorneys and advised them that their respective clients are on a hunger strike, and the Government would be seeking a court order to

permit involuntary medical testing and examinations, and potentially, a court order permitting involuntary administration of nutrients. Each attorney has been provided courtesy copies of the documents filed by the petitioner on December 11, 2015, as well as this Court's Order of December 14, 2015. Each attorney has been notified of the hearing scheduled for Monday, December 21, 2015, at 1:30 p.m.

## II. RESPONDENTS ARE NOT ENTITLED TO COURT-APPOINTED ATTORNEYS TO REPRESENT THEM IN THIS CASE

The instant case is a civil action instituted by the ICE, seeking a Court order to permit the ICE, as respondents' custodians, to involuntarily draw blood, obtain urine specimens, conduct weigh-ins, and conduct medical examinations of respondents, which are medically necessary to assess each respondents' health and well-being, in the face of their hunger strike. In Bass v. Perrin, 170 F.3d 1312 (11th Cir. 1999), the Eleventh Circuit observed that, "[a] plaintiff in a civil case has no constitutional right to counsel. A court may, however, pursuant to 28 U.S.C. § 1915(e)(1), appoint counsel for an indigent plaintiff. The district court has broad discretion in making this decision …, and should appoint counsel only in exceptional circumstances." Id. at 1320(citations omitted). "Appointment of counsel in a civil case is not a constitutional right, but a privilege that is justified only by exceptional circumstances." Robinson v. United States, 484 Fed.Appx. 421, 422 (11th Cir. 2012), citing Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985).

The principle is the same when the pro se party is the defendant, as in this case. In Federal Trade Commission v. Lalonde, 545 Fed.Appx. 825 (11th Cir. 2013), the Eleventh Circuit found that a Magistrate Judge did not abuse his discretion in denying defendant Lalonde's request for counsel in an FTC action claiming Lalonde violated the Credit Repair Organizations Act and Telemarketing Sales Rule. The Magistrate Judge denied the motion, finding that

Lalonde had "intimate familiarity" with the facts of the case and had demonstrated that he could present his defense to the court. Id. at 831. In Fowler v. Jones, 899 F.2d 1088 (11th Cir. 1990), the Eleventh Circuit observed that appointment of counsel in a civil case was a privilege "that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Id. at 1096 (citations omitted).

Respondents cannot demonstrate any exceptional circumstances to justify the appointment of counsel. They have all chosen to engage in a hunger strike which now threatens their health and well-being. As their custodian, the ICE has an obligation to provide for respondents' health and safety. Indeed, the ICE has a compelling state interest in preserving respondents' lives and health, and maintaining the security and discipline within the Krome Detention Center. These issues are neither novel nor complex. Aamer v. Obama, 742 F.3d 1023, 1040-41 (D.C. Cir. 2014)("Thus, the overwhelming majority of courts have concluded, as did Judge Collyer and as we do now, that absent exceptional circumstances prison officials may force-feed a starving inmate actually facing the risk of death.")(citations omitted). The ICE cannot determine if respondents are "actually facing the risk of death" unless it can conduct medically necessary blood and urine testing, as well as weighing respondents and conducting medical examinations. There are no exceptional circumstances to justify the appointment of counsel, either on the current issues of compelled medical observation and testing, or the potential future issues of compelled feeding and hydration.

Respondents are in various stages of removal proceedings under 8 U.S.C. § 1229a, to determine whether they can lawfully remain in the United States.[1] "A deportation proceeding is

[1] Seven of the ten respondents, Anwar Hossain; Abdul Wadud-Khan; MD Osman Shohag; Monir Hossain; MD Abdul Owayid; Abdul Awal; and Mahmudul Hasan, have administratively final orders of removal. They are pending removal from the United States to their native country of Bangladesh. The remaining three respondents, Mohammed Islam; Mohammed Anam; and Abdul Kader Helal, are in proceedings before the Immigration Court.

a purely civil action to determine eligibility to remain in this country, not to punish an unlawful entry, though entering or remaining unlawfully in this country is itself a crime."[2] INS v. Lopez-Mendoza, 468 U.S. 1032, 1038 (1984). 8 U.S.C. § 1362 provides:

> In any removal proceedings before an immigration judge and in any appeal proceedings before the Attorney General from any such removal proceedings, the person concerned shall have the privilege of being represented (at no expense to the Government) by such counsel, authorized to practice in such proceedings, as he shall choose.

Since respondents have no right to appointed counsel in their removal proceedings, no right to counsel can be based upon their status as aliens in removal proceedings.

The Sixth Amendment can be no source of a right to appointed counsel for respondents in this case. "The Sixth Amendment safeguards to an accused who faces incarceration the right to counsel at all critical stages of the criminal process." Iowa v. Tovar, 541 U.S. 77, 80 (2004). The instant case is a civil action, and not part of any "criminal process."

Respondents have no right to appointed counsel. Further, there are no exceptional circumstances which would justify appointing counsel under 28 U.S.C. § 1915(e)(1).

DATED: December 15, 2015

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By: s/ Dexter A. Lee
DEXTER A. LEE
Assistant U.S. Attorney
Fla. Bar No. 0936693
99 N.E. 4th Street
Miami, Florida 33132
(305) 961-9320

[2] The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 eliminated the distinction between "deportation" and "exclusion," placing both procedures under the heading "removal." Al Najjar v. Ashcroft, 273 F.3d 1330, 1337 n.2 (11th Cir. 2001).

Fax: (305) 530-7139
E-mail: dexter.lee@usdoj.gov

ATTORNEY FOR PETITIONER

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served by hand-delivery this 15th day of December 2015, on Anwar Hossain; Mohammed Islam; Abdul Wadud-Khan; MD Osman Shohag; Monir Hossain; MD Abdul Owayid; Mohammed Anam; Abdul Awal; Abdul Kader Helal; and Mahmudal Hasan, Krome Service Processing Center, 18201 S.W. 12th Street, Miami, Florida 33194.

s/ Dexter A. Lee
DEXTER A. LEE
Assistant U.S. Attorney